**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **LISA SIEGERT** | : | **Case No. 1:21CV00087** |
| **8047 Durango Ridge Drive** | : | |
| **Cleves, OH 45002** | : | **Judge** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **SGS NORTH AMERICA, INC.** | : | |
| **201 Route 17 North** | : | |
| **Rutherford, NJ 07070** | : | |
| | : | |
| **Defendant.** | : | |

_____

**COMPLAINT AND JURY DEMAND**
_____

Plaintiff Lisa Siegert, for her Complaint against SGS North America, Inc. ("SGS"), states as follows:

## I.      PRELIMINARY STATEMENT

1.      This is a civil rights action arising out of Plaintiff Lisa Siegert's employment with SGS.  Ms. Siegert alleges that she was discriminated against and terminated in retaliation for requests she made regarding reasonable accommodations in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.,* and the Ohio Civil Rights Act, Ohio Rev. Code 4112.01, *et seq.*

2.       Ms. Siegert seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for her economic injuries, compensatory damages for her non-economic injuries, equitable relief in the form of reinstatement or front pay, and punitive damages.  Finally, Ms. Siegert seeks payment of her reasonable attorney fees and costs.

## II.    JURISDICTION AND VENUE

3.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because Ms. Siegert's claims arise under federal law, 42 U.S.C. § 12101, *et seq*.  This Court may assume supplemental jurisdiction over Ms. Siegert's claims under Ohio law pursuant to 28 U.S.C. § 1367 because her state law claims arise from the same case or controversy as her federal claims.

4.      Venue with this Court is appropriate because the acts complained of herein occurred within the judicial district of the Southern District of Ohio.

## III.    ADMINISTRATIVE HISTORY

5.      On May 27, 2020, Ms. Siegert filed a charge of discrimination (No. 473-2020-01125) with the Equal Employment Opportunity Commission ("EEOC") against SGS, alleging disability discrimination and retaliation. On November 17, 2020, the EEOC issued Ms. Siegert a Notice of Right to Sue.

6.      On January 21, 2021, Ms. Siegert filed a second charge of discrimination (No. 473-2021-00488) with the Equal Employment Opportunity Commission ("EEOC") against SGS, alleging disability discrimination and retaliation.  That charge is still pending with the EEOC.

7.      Ms. Siegert has timely filed this claim within 90 days of receiving her first Notice of Right to Sue.  Ms. Siegert will amend this Complaint upon receipt of her Notice of Right to Sue on her second charge of discrimination.

## IV.    PARTIES

8.      Plaintiff Lisa Siegert is a United States citizen and a resident of Cleves, Ohio.  SGS employed Ms. Siegert as a Medical Device Auditor.  Ms. Siegert is disabled as that term is defined by the ADA and Ohio Civil Rights Act.

9.     Defendant SGS North America, Inc. is a New Jersey corporation that provides inspection, verification, testing, and certification services.  SGS does business in the Southern District of Ohio and employed Ms. Siegert to work remotely from her home in Cleves, Ohio.

## V.     STATEMENT OF THE CASE

10.     SGS hired Ms. Siegert in December 2018 as a Lead Medical Device Auditor.  During her time at SGS, she regularly received praise for her work and did not receive any discipline.

11.     Ms. Siegert suffers from lumbosacral degenerative disc disease, lumbar disc bulging, and spinal stenosis, which substantially limit the major life activities of standing, walking, sleeping, lifting, and bending, as well as the normal operation of her musculoskeletal system.

12.     Prior to her hire, Ms. Siegert informed SGS that, because of her disabilities, she would accept the job only if her travel was limited to two weeks in a row, and she was permitted to work the following week from home.

13.     Ms. Siegert's supervisor, Joseph Jones, agreed to the accommodation.

14.     By July 2019, SGS had stopped providing the accommodation and, by September 2019, required Ms. Siegert to travel all four weeks of the month.

15.     Because of the stress and pain that the travel was having on her disabilities, Ms. Siegert provided SGS with a doctor's note restricting her from traveling for the month of October.

16.     In mid-October, SGS offered Ms. Siegert an accommodation in the form of transferring to an alternate, open position to work from home as a "hybrid" Pack

Reviewer.  SGS told Ms. Siegert that she could perform all of the essential functions of this position from her home and would not require extensive travel.

17.    Ms. Siegert accepted the accommodation.  Over the following three weeks, Mr. Jones and Ms. Siegert discussed a course of action to begin training Ms. Siegert for the Pack Reviewer position.

18.    On November 22, 2019, SGS informed Ms. Siegert that it would not provide her with the accommodation of Pack Reviewer and that, based on her restrictions, she would not be able to continue to work as a Lead Medical Device Auditor.  Rather, SGS told Ms. Siegert that she would be forced to take indefinite, unpaid medical leave.

19.    Over the next several months, SGS continued to refuse to offer Ms. Siegert an accommodation that would allow her to return from leave and perform the job duties of Lead Medical Device Auditor or Pack Reviewer.

20.    Because SGS refused to accommodate Ms. Siegert, she submitted her resignation on July 20, 2020.

21.    SGS constructively discharged Ms. Siegert on the basis of her disability and in retaliation for requesting several accommodations, including transferring to a position she was qualified to perform and that she only travel two consecutive weeks at a time.  No reasonable person would remain on an indefinite, unpaid leave of absence in lieu of an accommodation that would allow him or her to work.

22.    As a direct and proximate result of Defendant's unlawful actions, Ms. Siegert has suffered and continues to suffer economic injuries in the form of lost pay and benefits, as well as non-economic injuries, including emotional distress and pain and suffering.

## VI.    STATEMENT OF THE CLAIMS

### Count 1: Failure to Accommodate
### (42 USC § 12101 and Ohio Rev. Code § 4112.02)

23.    Ms. Siegert incorporates paragraphs 1 through 22 as if fully rewritten herein.

24.    Ms. Siegert suffers from several disabilities.

25.    Ms. Siegert requested two accommodations: travel limited to two consecutive weeks and/or transfer to the position of Pack Reviewer.

26.    The accommodation of travel limitations is reasonable because the accommodation would allow Ms. Siegert to perform the essential functions of her job as a Lead Medical Device Auditor and would not unduly harm SGS.

27.    The accommodation of Pack Reviewer is reasonable because the accommodation would allow Ms. Siegert to perform the essential functions of her job and would not unduly harm SGS.  The Pack Reviewer position was open at the time Ms. Siegert requested the accommodation and SGS offered her the position.

28.    Ms. Siegert is qualified to perform the essential functions of either position with a reasonable accommodation.

29.    SGS refused to provide either accommodation and constructively discharged Ms. Siegert.  SGS did not propose a reasonable, alternative accommodation that would allow Ms. Siegert to perform the essential functions of her position or an alternative position.

30.    As a result of SGS's illegal actions, Ms. Siegert has suffered damages including lost wages and emotional distress.

31.    SGS acted with malice and a conscious disregard for Ms. Siegert's federally protected rights.

## Count 2: Disability Discrimination
### (42 USC § 12101 and Ohio Rev. Code § 4112.02)

32.    Ms. Siegert incorporates paragraphs 1 through 31 as if fully rewritten herein.

33.    Ms. Siegert suffers from several disabilities.

34.    Ms. Siegert is qualified to perform the essential functions of her position with a reasonable accommodation.

35.    SGS terminated Ms. Siegert because of her disability.

36.    As a result of SGS's illegal actions, Ms. Siegert has suffered damages including lost wages and emotional distress.

37.    SGS acted with malice and a conscious disregard for Ms. Siegert's federally protected rights.

## Count 3: Retaliation
### (42 USC § 12101 and Ohio Rev. Code § 4112.02)

38.    Ms. Siegert incorporates paragraphs 1 through 37 as if fully rewritten herein.

39.    Ms. Siegert engaged in protected activity when she requested a reasonable accommodation.

40.    SGS was aware of Ms. Siegert's protected activity.

41.    SGS took adverse action against Ms. Siegert after she engaged in protected activity.

42.    There is a causal connection between Ms. Siegert's protected activity and the adverse action SGS took against her.

43.    As a result of SGS's actions, Ms. Siegert suffered damages, including lost wages and emotional distress.

44.    SGS acted with malice and a conscious disregard for Ms. Siegert's federally protected rights.

**PRAYER FOR RELIEF**

Wherefore, Ms. Siegert demands judgment against Defendant SGS North America, Inc. as follows:

1. An award of compensatory damages for all economic damages suffered by Ms. Siegert in an amount to be determined at trial;

2. An order reinstating Ms. Siegert to her previous position, inclusive of all pay increases and benefits to which she would have been entitled had she not been terminated, or in the alternative, an award of front pay;

3. An award of compensatory damages for all noneconomic damages suffered;

4. An award of Ms. Siegert's reasonable attorney fees and costs; and

5. An award of any other relief in law or equity to which Ms. Siegert is entitled.

Respectfully submitted,

**MEZIBOV BUTLER**

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)
Daniel J. Treadaway (OH No. 0098000)
615 Elsinore Place
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
bbutler@mezibov.com
dtreadaway@mezibov.com

*Attorneys for Plaintiff Lisa Siegert*

## **<u>JURY DEMAND</u>**

Plaintiff Lisa Siegert demands a jury trial to resolve all issues of fact related to her Complaint.

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)